Hillsborough,
Feb. 2, 1909.

### PROCTOR *v.* BLANCHARD, *Adm'r.*

In an action against an administrator to recover upon a promissory note indorsed by the decedent, the maker of the note, if neither technically nor substantially a party to the suit, is not precluded from testifying by section 16, chapter 224, Public Statutes.

The fact that an indorser of a promissory note negligently signed it in blank does not constitute a defence as against a *bona fide* holder for value without notice.

The erroneous admission of irrelevant evidence which has no prejudicial effect does not furnish cause for setting aside a verdict.

ASSUMPSIT, upon a promissory note.   Trial by the court and verdict for the plaintiff.   Transferred from the May term, 1908, of the superior court by *Pike*, J.

One question was whether Wheeler, the defendant's intestate, indorsed the note.   The note was dated April 11, 1905, was payable to the plaintiff, was signed by one Maxwell, and when delivered bore the name of Wheeler as indorser.   The indorsement was made on the back of a printed form for a promissory note, and the paper so indorsed was given to Maxwell to be used by him in purchasing horses.   The note was left in blank because it was intended that Maxwell should fill in the blanks at his discretion as occasion might require and deliver it in payment of horses which he might purchase.   The plaintiff sold and delivered a pair of horses to Maxwell for which he received from him the note in suit.   No fraud was practiced on Wheeler to induce him to indorse

the blank note, but he acted negligently in doing so. The plaintiff is a *bona fide* holder of the note, and had no notice of the manner of its indorsement.

The administrator did not elect to testify, but Maxwell was allowed to testify as to Wheeler's signing the note, subject to the defendant's exception. Subject to exception, evidence was introduced by the plaintiff to show that he was informed in regard to the financial standing of Wheeler before he took the note. The defendant's motion for a nonsuit was denied and he excepted.

*Niles & Upton*, for the plaintiff.

*Wason & Moran*, for the defendant.

WALKER, J. The witness Maxwell was not a party to the suit, nor was he legally interested in the result of it. As between him and Wheeler, the latter was an accommodation indorser. Maxwell was ultimately liable on the note. Whether the plaintiff succeeded or not in this suit, his liability was unaffected. As he was neither technically nor substantially a party to the suit, he was not precluded from testifying by the statute which provides that "when one party to a cause is an . . . administrator, . . . neither party shall testify in respect to facts which occurred in the lifetime of the deceased." P. S., c. 224, s. 16; *Smith* v. *Wells*, 70 N. H. 49.

The mere fact that Wheeler wrote his name on the back of the blank note which was afterward written out does not necessarily show that he assumed no obligation to an innocent holder of it for value. As the fact is found that he negligently signed the paper which was used for the general purpose he understood it would be used for, his estate cannot escape liability on the ground suggested. *Citizens' National Bank* v. *Smith*, 55 N. H. 593.

The exception to the plaintiff's evidence tending to show that he made inquiries and was informed as to the financial responsibility of Wheeler before he took the note is unavailing. Its relevancy may be doubtful. If the plaintiff took the note for a valuable consideration, with no notice of any defect in its execution, it would not seem to be important to ascertain what means he took to satisfy himself that the indorser was good, or whether he had any special information upon that subject. The presumption is that he relied upon the signature of the indorser as well as that of the maker. But if it is conceded that the evidence was irrelevant, its prejudicial character is not apparent; and its admission is no ground for setting aside the verdict.

*Exceptions overruled.*

All concurred.