Hillsborough, }
June 29, 1918. }

### WILLIAM CROWTHER *v.* THE WHITE MOUNTAIN FREEZER COMPANY.

The supplemental evidence furnished by a view may warrant a finding though it be doubtful whether such finding could be made solely on the oral testimony.
Evidence is not prejudicial which tends to sustain the claim of the party excepting thereto and does not tend to support his adversary's claim.

CASE, for negligence brought under the employers' liability and workmen's compensation act (Laws 1911, c. 163), to recover damages for injuries received while splitting blocks with a saw in the defendants' mill.    The defendants had not accepted the provisions

of the act.   Trial by jury and verdict for the plaintiff.   The jury took a view of the sawing-machine on which the plaintiff was injured. The plaintiff's claim is based upon lack of proper instructions, and that the sawing-machine upon which he worked was defective. The defendants excepted to the submission to the jury of the latter question, and to the portion of the charge relating thereto.   The defendants excepted to evidence of the plaintiff relating to the defective condition of the machine.   Other facts appear in the opinion.

Transferred from the September term, 1917, of the superior court by *Marble*, J.

*Doyle* v. *Lucier* (*Mr. Lucier* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Jonathan Piper* orally), for the defendants.

PLUMMER, J.   The defendants' exceptions to the action of the court, in submitting to the jury the issue as to whether the sawing-machine was defective, and to the charge of the court relating thereto, raise the questions for determination whether there was any evidence upon which the jury could find that the machine was defective, and, if so, did that defect cause or contribute to cause the accident.

It is claimed by the plaintiff that the saw-arbor of the sawing-machine, at the time of the accident was so loose in its bearings, that the saw did not run true and even, but wabbled to such an extent as to render it defective, and that such defect was instrumental in causing his injury.   The evidence of the officers of the defendants showed that an eighth of an inch play of the saw-arbor in its bearings was too much, that with such an amount of play the saw would not go so steadily and would be more likely to bind.   While they did not admit that the saw wabbled, the character of their testimony was such that it had some tendency to prove that it did.   At the view of the machine taken by the jury, it appeared that the saw-arbor was so loose that it could be lifted up in its bearings until it rattled up and down.   The machine was in the same condition at the time of the accident as it was when the view was taken.   The plaintiff testified that he was sawing a block eight inches in length, holding it in a vertical position, and that the accident occurred as follows:

"*Q*. Well, tell the jury what happened?   *A*. Why, I just pushed

the block up to the saw when there was a jarring sound and the saw stopped and then started again, and all I could see was blood.

Q. State whether or not the saw did anything to that block that you were holding except to cut it? A. Why, I have an idea that it must have twitched it into the saw; must have twitched it around into the saw."

It is doubtful if the jury could find affirmatively on the issues here presented upon the oral evidence in the case, but that evidence supplemented by the evidence furnished at the view might warrant such a finding, and we cannot say it would not.

The defendants contend that the jury would not have sufficient knowledge without expert testimony to determine that the sawing-machine was defective, or that a defect such as claimed would contribute to cause the accident. We do not think this contention is tenable. Sawing-machines are not intricate or complicated in their construction or operation, and they are in common use in nearly every community. The jury composed of intelligent, experienced men taken from the ordinary walks of life, and engaged in various pursuits would have a general knowledge of the use and operation of sawing-machines. The view may have furnished a vital part of the evidence, and apparently did. This court does not know how strong and convincing that evidence was, but the jury were fully informed of its character, and, therefore, this is peculiarly a case where their judgment and experience should be invoked to determine the issues involved. *Lyman v. Railroad,* 66 N. H. 200; *Whitcher v. Railroad,* 70 N. H. 242, 248. Construing the evidence most favorably for the plaintiff (*Lyman v. Railroad, supra*) it cannot be said that there was no evidence upon which the jury could find for the plaintiff. Two of the defendants' employees who worked on the saw were called by the plaintiff, and allowed to testify. Their testimony, in substance, was that there were two saws used upon the sawing-machine, one being used while the other was sharpened, that one of them ran well and the other badly, that the one which ran badly would bind and wabble. But they could not remember which saw was on the machine on the day of the accident. One of them, however, stated that he sawed a few blocks that day, and that the saw didn't bind, and he had no trouble with it then. To this evidence the defendants excepted. The evidence of one of these witnesses was immaterial for any purpose. It was clear that he did not remember which saw was on the machine on the day of the accident, and he made no statement

that would warrant any inference as to whether the saw that ran well or badly was in use. His evidence was valueless for either party. The testimony of the other witness was immaterial, so far as furnishing any proof that would aid the plaintiff in securing a verdict. On the other hand, it did tend to prove, as claimed by the defendants in their brief, that the saw which ran well was on the machine at the time of the accident. It cannot be asserted that this evidence was prejudicial to the defendants, for it furnished some proof to sustain their claim and none to support that of the plaintiff. This exception does not afford any ground for disturbing the verdict. *Parsons* v. *Wentworth,* 73 N. H. 122; *Bunker* v. *Company,* 75 N. H. 131; *Proctor* v. *Blanchard,* 75 N. H. 186.

An exception of the defendants, bearing upon the rights of the plaintiff, if he were found to be a volunteer at the work he was engaged in at the time of the accident, has not been referred to in the defendants' brief or oral argument, and is not understood to be relied upon.

*Exceptions overruled.*

All concurred.