Hillsborough,
Nov. 5, 1935:

LYMAN A. FONTAINE, *Adm'r v.* VICTOR G. CHARAS.

LYMAN A. FONTAINE *v.* SAME.

*Aloysius J. Connor* ( by brief and orally), for the plaintiff.

*Timothy F. O'Connor* and *Myer Saidel* (*Mr. Saidel* orally), for the defendant.

WOODBURY, J. At the trial neither party offered any evidence either as to the decedent's conduct at the time of the accident or as to her knowledge of the dangerous situation created by the defendant when he stopped his car upon the traveled part of the highway. In fact the record shows no more than that the decedent was in the car at the time it was run into by Perreault, and that the car was at that time under the control of the defendant. Under these circumstances the issue of contributory negligence is not raised (P. L., c. 328, s. 13; *Hayes* v. *Company*, 86 N. H. 486, 491), and therefore the plaintiff is entitled to recover if the defendant was guilty of causal fault.

The defendant contends that the accident was due solely to the negligence of Perreault; the plaintiff, that it was due, in part at least, to the fault of the defendant in bringing his car to rest on the paved part of the highway in violation of Laws 1927, c. 76, s. 3.

The statute relied upon by the plaintiff reads as follows: "No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway." It then goes on to provide that in no event shall any vehicle, whether attended or not, be parked or left standing upon any highway unless a clear view of it may be obtained from the highway for a distance of at least two hundred feet in each direction, and further, that if the vehicle is stopped on a main highway, then, in addition to the view, there must be at least ten feet of clear space left on the traveled portion of the highway for the passage by it of other vehicles. The final paragraph of the statute makes it inapplicable to vehicles temporarily left on the traveled part of a highway when disabled by mechanical failure.

The record is clear to the effect that it was "practicable" for the defendant to have driven his car off of "the paved or improved or

main traveled portion" of the highway at the place where the accident occurred. It also appears to be conceded that his car was not disabled prior to the collision, and that the accident did not occur in a business or residence district. It does not appear, however, how long his car was stationary before the accident. From this lack of evidence the defendant contends that there is no evidence of "parking." Were "parking" the only act prohibited it might be necessary to attempt a definition of that rather loose word as it is used in the statute, but since it is illegal not only to "park" but also to "leave standing," we are of the opinion that the defendant's act of stopping where he did is sufficient to invoke the statute. To "park" may imply halting a vehicle for some appreciable length of time, but there is no such connotation to be drawn from the words to "leave standing any vehicle, whether attended or unattended." We believe that by the use of this phrase the legislature intended to make illegal any voluntary stopping of a vehicle on the highway for any length of time, be that length of time long or short, except, of course, such stops as the exigencies of traffic may require. It therefore follows that the defendant was guilty of a violation of the statute in stopping on the traveled part of the highway when he could have driven off to the side, and it becomes unnecessary to consider the view which could have been obtained of his car or the clear space available for passage by it.

The next matter for consideration is whether or not the violation of the statute was causal. "If the violation had nothing to do with the accident, it is immaterial to the issue of responsibility. . . . On the other hand, if the violation is causal, it puts the offender in the class of those who fail to obey legal rules for conduct." *Johnson* v. *Railroad*, 83 N. H. 350, 351. "It is not enough for a plaintiff to show that the defendant neglected a duty imposed by statute and that he would not have been injured if the duty had been performed. He must go further and show that his injury was caused by his exposure to a hazard from which it was the purpose of the statute to protect him." *Flynn* v. *Gordon*, 86 N. H. 198, 200.

Applying the foregoing principle to the facts in the case before us it is clear that the defendant's violation was causal. The defendant's fault consisted in his violation of a statute obviously designed to prevent collisions between moving and stationary vehicles. His illegal act of needlessly stopping in the path of travel exposed the decedent to the risk of a rear-end collision, and when such a collision occurred she was injured. The collision, and its attendant injuries,

was the result of the combination of the defendant's illegal act and Perreault's negligence. In so far as the plaintiff is concerned, they were concurrent tortfeasors and, under familiar principles of law, he may seek compensation from either or both of them. The participating negligence of Perreault is, of course, no defence for the defendant.

The doctrine of the last clear chance has no application to the case at bar because of the lack of evidence of fault on the part of the decedent. *Tetreault* v. *Gould*, 83 N. H. 99, 101, 102.

The defendant's motion for judgment after verdict presents no question of law and has been neither briefed nor argued. It therefore requires no consideration.

*Judgment on the verdict.*

All concurred.