BESSIE L. HIMMEL, *Adm'x v.* MORRIS FINKELSTEIN.

*Saidel, Lemelin, Hurley & Betley (Mr. Saidel* orally), for the plaintiff.

*Devine & Tobin (Mr. Tobin* orally), for the defendant.

MARBLE, J. The yellow stripe in the center of the highway denoted a division of the road into one-way lanes. *Brown* v. *Bush,* 220 Ala. 130, 131; 3-4 Huddy, Automobile Law (9th *ed.*), *p.* 181. Painted lines are used so generally for this purpose that licensed operators of automobiles are presumed to understand their significance.

The defendant had been driving cars under a New Hampshire license for three or four years and had been a licensed operator in Massachusetts for the preceding eighteen years. He lived in Nashua and had driven over the road in question many times. He knew that he was going upgrade on a sharp curve and that his view of an approaching car would necessarily be limited. Yet, in spite of this knowledge, he saw fit to drive along the edge of the median line at a speed of thirty-five miles an hour and with no attention whatever to traffic from the south. He was so inattentive that he did not see the Wilkins car at all. He testified: "The first thing I knew was picking myself up from the ground."

His conduct under the circumstances could fairly be found to involve an unreasonable risk of injury to the plaintiff's intestate. See *Flynn* v. *Gordon,* 86 N. H. 198, 201. Nor is he absolved from liability in this action merely because Wilkins was likewise remiss in his duty.

While ordinarily a person may rightfully assume that others will act carefully he is not entitled to assume that their conduct will be perfect. *Lovett* v. *Railway,* 85 N. H. 345, 350. Moreover, it is commonly understood that there are some automobile operators who act "with less than normal propriety." Charged with a realization of this fact, a motorist, under certain conditions, may be required "to anticipate and provide against that occasional negligence" which is one of the expectable incidents of highway traffic. See Restatement

of Torts, *s.* 302, Comments j and l; *Tullgren* v. *Company*, 82 N. H. 268, 276.

It follows that the defendant, in view of the duty owed to his passenger-guest and the serious harm likely to result from a collision, was not justified, as a matter of law, in heedlessly occupying the extreme easterly limit of the right-hand lane on the assumption that northbound traffic would at all times keep sufficiently to the east of the dividing line to avoid an accident.

The motion for a nonsuit was correctly denied.

There is evidence that the defendant, if he had looked, could have seen the Wilkins car, as it approached, for a distance of eighty feet. The lights of the car must have shown on the curve for some appreciable time before the car itself was visible. The wheels of each car were on the yellow line. It is therefore obvious that the merest turn of the wheels to the right would have averted the collision. The slight action necessary to accomplish this result could be found to be automatic in the case of a driver of the defendant's long experience. There was no error in the instruction to which the defendant excepted.

*Judgment on the verdict.*

All concurred.

Hillsborough, Feb. 7, 1939. } No. 3031.