Carroll,
June 25, 1943. } No. 3412.

ROY RUDOLPH *v.* ROMEO J. LAVIGNE.

*Rolland R. Rasquin* (by brief and orally), for the plaintiff.

*Hinkley & Hinkley* and *Jean L. Blais* (*Mr. Irving A. Hinkley* orally), for the defendant.

BURQUE, J.  Plaintiff's version of the accident is as follows.  It happened about 9:00 A.M. on a very rainy day.  Plaintiff's disabled Chevrolet car was being towed northerly by another private car, a Ford, and defendant was operating a ten ton International trailer truck southerly.  When the truck and the Ford came in sight of one another, there was a distance of about 215 feet between them.  At about the same time, plaintiff, who had been walking in the highway on the west side of his car to observe if the rear wheels would lock and drag, jumped on the running board to steer his car to the east and keep it in the easterly lane of the two lane cement road, because, as he said, the tow car, which was traveling twenty inches east of the

yellow line in the center of the road, was taking a right hand curve and as the operator was steering the tow car more to the east, the Chevrolet tended to go to the left and along the yellow line. As the plaintiff jumped on the running board of his car he observed the defendant's truck approaching from the opposite direction. He says the truck's left front wheel was two feet on the east side of the yellow line, the truck was swaying and zigzagging back and forth across the road, and coming at a speed of fifty miles per hour. He saw the operator of the truck trying to straighten up his truck. The truck passed the tow car safely, with plenty of clearance, four to six feet, the plaintiff says, and then suddenly veered to the east and the left front fender of the truck struck the left front fender of the Chevrolet, causing the latter to turn in the opposite direction in which it was traveling, and throwing the plaintiff to the ground on the east side of the road. Assuming this state of facts, there is evidence of defendant's negligence.

Plaintiff claims he was walking in the road, on the west side of his car and on the east side of the yellow line, looking at his rear wheels to see if they would lock and drag, and also for traffic likely to come from the other direction. After observing that his car was edging towards the yellow line and was running along it, he jumped on the running board of his car, intending to reach in through the open window in the door and steer his car to the east. As he did so he saw the truck at the brow of the hill, coming down fast, swaying and zigzagging back and forth across the road. He observed it swaying and zigzagging about three times, making two sweeps to the west and three to the east about ten inches to the east side of the road. His car was along the yellow line. He says he rode on the running board, hugging the side of his car, holding with one hand on the door and the other on the front part of the car, for a distance of about ten feet and for about three seconds. As he says he just waited and took it, did nothing else. He undertakes to say there was nothing else he could do. There was something else he could and should have done. He could have taken hold of the steering wheel and steered his car to the east, or he could have gotten off his car and got in back of it, thus attempting at least to do something for his own safety. He admits he knew it was dangerous for him to ride on the running board when there was no one in the car to steer it and with his car where it was. The only conclusion fairly to be reached is that the plaintiff was negligent as a matter of law in allowing his car to be towed without being able to steer it and keep it in its lane of traffic;

in allowing it to get so close and along the yellow line (*Himmel* v. *Finkelstein*, 90 N. H. 78); in not attempting to steer it away from the yellow line before he did, and in not attempting to do something for his own safety both before and after he discovered the danger to which he was exposed. He had plenty of time to do one or both of the two latter things. His claim that the defendant's truck was coming at a speed of fifty miles per hour is overcome by the physical facts and is, therefore, disproved as a matter of law. The only reliable evidence is that the truck was traveling at a speed of twenty-five miles per hour. It therefore took the truck approximately six seconds to travel the distance it did travel from the time plaintiff saw it to the moment of impact. The contributory negligence on the part of the plaintiff is inescapable.

*Judgment for the defendant.*

MARBLE and BRANCH, JJ., concurred in the result: the others concurred.