Coös,
May 3, 1949. } No. 3804.

### Nelson L. Owen *v.* Leo Dubois.

*John E. Gormley* (by brief and orally), for the plaintiff.

*Hinkley & Hinkley* (*Mr. Walter D. Hinkley* orally), for the defendant.

KENISON, J.   The defendant has presented a strong argument that he had the right of way and that the jury should have been so instructed.   While he concedes that the right of way statute (R. L., *c.* 106, *s.* 3) by its terms applies only to public ways and although it has never been otherwise construed (*Tetreault* v. *Gould*, 83 N. H. 99), it is urged that the statutory rule established by the Legislature should be extended by this court to apply so as to give persons in the position of the defendant the right of way.   Authority from other jurisdictions which take that view is not lacking (2 Berry, Automobiles, *s.* 2.488) even though that view is "sometimes due to statutory provision."   2 Blashfield (*Perm. ed.*) Cyc. of Automobile Law and Practice, *s.* 1161.   It may well be doubtful if the average motorist realizes that the automobile emerging from a private driveway has as great a right as the one proceeding along a public highway.   Both speed and traffic on a public highway will be greater than that on a private driveway and there is less opportunity for motorists on a public highway to view those coming from obstructed driveways. For these reasons, among others, it has been considered sound and sensible in several states to place a greater burden on the latter class of motorists.

In such situations in this jurisdiction, however, the rule has been

consistently followed that neither party has a statutory right of way and that "each owed to the other the reciprocal duty to act reasonably." *Shimkus* v. *Caesar, ante,* 286, 287; *Tetreault* v. *Gould, supra.* The Trial Court followed the statute as written and never changed by the Legislature and as consistently construed in this state since the advent of the modern motor vehicle. If a different rule should apply, it is in the province of the Legislature to so provide by a statute of general application.

The Presiding Judge read and explained to the jury R. L., *c.* 119, *s.* 30, which establishes a *prima facie* lawful speed in a rural residence district at thirty-five miles an hour and R. L., *c.* 119, *s.* 29, which provides that no person shall operate a motor vehicle at a rate of speed greater than is reasonable under the circumstances. Error is claimed upon the ground that there was no evidence that defendant's speed exceeded twenty-five to thirty miles an hour or that it was unreasonable. R. L., *c.* 119, *s.* 29, is declaratory of the common law (*Gagnon* v. *Krikorian,* 92 N. H. 344, 346) and what was reasonable speed under the circumstances of the accident presented a question for the jury. From other evidence the jury could find defendant's speed to be greater than his estimate even though the plaintiff did not contradict it. The issue of excessive speed was properly submitted to the jury even though the speed did not exceed the *prima facie* limit of the statute. *Kelley* v. *Lee,* 89 N. H. 100, 103, 104. This is not a case where the plaintiff entered the highway at a point where the defendant had no reason to anticipate his approach. *Green* v. *Bond,* 93 N. H. 144; *Davis* v. *Lord, ante,* 237, 240.

Exception was taken to the submission of the last clear chance doctrine to the jury. Defendant's truck and load weighed over eight tons and was proceeding upgrade at a speed within which he could have stopped the truck in twenty-five to thirty feet. Defendant testified that he knew of the dangerous driveway and was looking for motor vehicles to come from it. While the defendant said that he did not see the plaintiff until twenty or thirty feet from the driveway, his testimony on that point was not conclusive. *Frost* v. *Stevens,* 88 N. H. 164, 166. In view of his knowledge and looking, there was evidence from which the jury could find that he saw the plaintiff at a point 170 to 280 feet from the point of collision when there was time for more than instinctive action to avoid the plaintiff. The issue of the observed distance of the defendant from the plaintiff and the time he had for saving action were for the jury where it could be found that the other requirements of the last clear chance doctrine were met.

*Mooney* v. *Chapdelaine,* 90 N. H. 415; *Sullivan* v. *Sullivan,* 91 N. H. 341; *Mack* v. *Hoyt,* 94 N. H. 492. In discussing the last clear chance doctrine, the Presiding Judge warned the jury not to be "Monday morning quarterbacks" and decide what the defendant should have seen and done but what he did see and do in the short time that elapsed after he discovered the plaintiff's situation. It follows that there was no error prejudicial to the defendant in the instructions given to the jury.

The motion for a directed verdict is predicated on the propositions that as a matter of law the plaintiff's driver was negligent and the defendant was not negligent. That the motion was properly denied is evident from both the reasoning and result in *Shimkus* v. *Caesar, ante,* 286. The plaintiff's driver was not guilty of contributory negligence as a matter of law in coming out of the driveway as he did (*Spear* v. *Penna,* 92 N. H. 190) and the credibility of his testimony was for the jury. *O'Brien* v. *Public Service Company, ante,* 79. This is so regardless of certain conflicting testimony on speed and distance elicited upon cross-examination (*Liouzis* v. *Corliss,* 94 N. H. 377) and variations in a written report signed by him but prepared by his employer. *Mack* v. *Hoyt,* 94 N. H. 492, 495. There was evidence that the defendant was on his left hand side of the road as he approached a driveway which he knew to be obstructed and from which he expected that motor vehicles might be entering the highway. This presented an issue for the jury to determine whether he used ordinary care under the circumstances which might be found to exist upon the conflicting testimony. *Holt* v. *Grimard,* 94 N. H. 255, 258.

*Judgment on the verdict.*

All concurred.