Strafford,
No. 5134.

CHARLES M. GEORGE, JR. *&a. v.* HAROLD R. SMITH.

Argued June 4, 1963.

Decided July 30, 1963.

*Fisher, Parsons, Moran & Temple* (*Mr. Robert Temple* orally), for the plaintiffs.

*Charles F. Hartnett* (by brief and orally), for the defendant.

WHEELER, J. Defendant's exceptions to certain portions of the argument of counsel for the plaintiffs employing a mathematical formula as a basis for a verdict are sustained. *Duguay* v. *Gelinas*, 104 N. H. 182; *Chamberlain* v. *Palmer Lumber Co.*, 104 N. H. 221.

Certain exceptions to the failure to charge as requested will now be considered. In numbers 5 and 6 defendant requested instructions that there is no evidence of the type of district involved (RSA 263:54) therefore a speed not in excess of 50 m. p. h. was prima facie lawful and there was no evidence the defendant violated the prima facie speed limit.

The Court read to the jury RSA 263:53 (reasonable speed statute) and the applicable portion of the last sentence of *s*. 54. The jury were then instructed that "reasonable and prudent" meant the standard which applies under the common-law rule and means the speed at which the ordinary person of average prudence would drive an automobile under the same or similar circumstances and that they were to apply this statute to the evidence and decide whether the defendant violated it. This was a correct statement of the law. *Gagnon* v. *Krikorian*, 92 N. H. 344. There was no claim of violation of prima facie speed limits (*s*. 54) and the requests were properly denied.

Numbers 8 and 9 in substance requested instructions that the plaintiff did not slow down or give a signal as required by RSA 263:34, 44, and that there was a violation as a matter of law and the only question was one of causation. The Court left to the jury the questions of violation with appropriate instruction that if there was a violation it must be causal in order to find the plaintiff at fault. It could be found on the evidence that the driver of the motor vehicle preceding that of the plaintiff applied his brakes immediately prior to the accident when a dog crossed the road and brought his vehicle to a stop when a little girl appeared about to enter the highway. The plaintiff thereupon stopped his vehicle. There was evidence that the brake lights of both the Lachapelle and the George cars were operating. In these circumstances the question of violation was properly left to the jury.

Requests numbers 10, 11 and 12 involve the application of RSA 263:54 (driving at an appropriately reduced speed) and RSA 263:31 (following too closely). It is contended by the defendant that the charge with respect to these statutes was insufficient. Again with appropriate instructions the Court left to the jury the question of whether the plaintiff Charles had violated one or both of these statutes. The evidence warranted such procedure.

Under request number 13 the defendant contends he was entitled to specific instructions with reference to the obligation of a driver to "make reasonable use" of the rear view mirror. RSA 263:22. The Court fully instructed that among other duties of the parties in the operation of their respective motor vehicles it was their duty to maintain a reasonable and proper lookout. The statutory provision does not require more than reasonable care to use the mirror when there is occasion therefor. The Court was not required to further emphasize particular circumstances as the measure of due care. *Howe* v. *Phofolos*, 85 N. H. 539.

The defendant further contends in support of requests numbers 19, 20, 21 that the evidence justified the finding that contact occurred between the Lachapelle and George vehicles before the contact between the George and Smith vehicles. While the evidence was susceptible to such a finding it was not required since it could be found that the defendant's vehicle pushed the plaintiffs' vehicle into the Lachapelle automobile. Under the requests the verdicts would have depended upon selected portions of the evidence and the requests were properly denied. *O'Brien* v. *Public Service Co.,* 95 N. H. 79.

Other exceptions to certain evidentiary rulings and to denial of other requests for instructions have been considered and in the rulings of the Court thereon we find no error. Taking the charge as a whole the Court fully and plainly instructed the jury as to the law applicable to each party.

Lastly, we consider whether the Court erred in denying defendant's motion to set aside the verdicts both as to liability and damages. Under the practice in this jurisdiction when a new trial is ordered a retrial of all issues is not required if these issues can be separated from the ones in which the error occurred. *Moulton* v. *Langley*, 81 N. H. 138, 139; *Kilfoyle* v. *Malatesta*, 101 N. H. 473, 475. The error which occasioned the order setting aside the verdicts was the ruling which permitted the plaintiffs' counsel to argue that damages should be determined

by a process not permitted by *Duguay* v. *Gelinas, supra,* and *Chamberlain* v. *Palmer Lumber Co.,* 104 N. H. 221, *supra.* Since the Trial Court could properly find that this error clearly did not affect the issue of liability its order limiting the new trial to the issue of damages is sustained.

*Exceptions overruled.*

All concurred.