Merrimack
No. 7827

## M. ROY LONDON, JR., EXECUTOR
### OF THE ESTATE OF M. ROY LONDON

v.

## LIONEL A. PERREAULT & a.

May 31, 1978

*McSwiney, Jones & Semple*, of Concord (*Robert E. Bowers, Jr.* orally), for the plaintiff.

*Sheehan, Phinney, Bass & Green P.A.*, of Manchester (*James Q. Shirley* orally), for the defendants.

BOIS, J.   This is an action on the case to recover damages arising out of an automobile accident that occurred on January 10, 1974. Trial by jury resulted in a verdict for the defendants. During the course of trial plaintiff seasonably excepted to the denial of his motion for a directed verdict, to certain portions of the court's charge, and to the failure of the court to charge as requested. After verdict, the plaintiff seasonably excepted to the denial of his motion to set aside the verdict. All questions of law raised by these exceptions were reserved and transferred by *Loughlin*, J. For the following reasons we affirm.

The plaintiff's decedent, M. Roy London, was driving westerly on Route 11 headed for his home in New London, New Hampshire, having just picked up Mr. Ernest Reed. Defendant Perreault, concededly in the course of his employment, was driving a Brunswick Foods light commercial truck on his delivery route and was following Mr. London's vehicle. The accident occurred at approximately 9:30 a.m. when an unidentified pickup truck travelling ahead of Mr. London's vehicle made an unsignalled left turn. It was snowing at the time, and the road had become hazardous due to an accumulation of ice and snow. Mr. London's vehicle suddenly went around the pickup truck on the right and hit a snow bank on the right hand side of the road, causing his vehicle to slow down. There was conflicting testimony whether Mr. London returned his vehicle to the travel lane under control, or whether his vehicle was "fishtailing" after coming out of the snowbank. As Mr. London's vehicle reentered the lane of traffic, it was struck from behind by Mr. Perreault.

The force of the collision caused Mr. London's vehicle to cross the highway immediately into the path of a tractor trailer truck being driven easterly on Route 11. The resulting injuries caused Mr. London's death ten days later.

The first issue presented is whether the trial court erred in failing to grant the plaintiff's motion for a directed verdict. Such motions may be granted only when the evidence and all reasonable inferences therefrom, construed most favorably to the party opposing the motion, would not enable a jury to find for that party. *Amabello v. Colonial Motors*, 117 N.H. 556, 561, 374 A.2d 1182, 1185 (1977); *Muzzy v. Rockingham County Trust Co.*, 113 N.H. 520, 521, 309 A.2d 893, 894 (1973). The evidence in this case was conflicting and did not satisfy that standard. One witness testified that defendant's speed was 30–35 miles per hour, whereas defendant estimated his speed at 25–30 miles per hour. The other vehicles on Route 11 were

traveling at approximately the same speed as defendant's vehicle. The posted speed limit was 55 m.p.h. Under these circumstances the question of the reasonableness of the defendant's speed under the adverse weather conditions then prevailing was properly left to the jury. *See George v. Smith*, 105 N.H. 100, 101, 193 A.2d 16, 17–18 (1963); *Owen v. Dubois*, 95 N.H. 444, 446, 66 A.2d 80, 81 (1949); *Bennett v. Bennett*, 92 N.H. 379, 388, 31 A.2d 374, 381 (1943). Contrary to the plaintiff's contention, the defendant's testimony that he estimated his distance from Mr. London's vehicle to be only three car lengths did not require a finding of negligence as a matter of law. "The conclusion . . . is not compelled as a matter of law because . . . based upon a lay witness' estimate of distance. In the first place such testimony is notoriously inaccurate. In the second place it does not bind the [defendant] because it relates to an objective matter about which [he] might well be mistaken." *Keck v. Hinkley*, 90 N.H. 181, 185, 6 A.2d 165, 167 (1939). In addition, the defendant testified at least once to his inability to estimate the distance, and there was evidence presented that the defendant had estimated his distance at 150 feet at the time of the accident. Under these circumstances the defendant's distance from Mr. London's vehicle and the reasonableness of that distance were questions for the jury; the trial court did not err in refusing to rule that Perreault was negligent as a matter of law.

Plaintiff's motion for a directed verdict was properly denied in this case for another reason. In order to warrant granting the motion, the evidence must be such that defendants' liability was the only conclusion which could reasonably be drawn from the evidence. *LePage v. St. Johnsbury Trucking Co., Inc.*, 97 N.H. 46, 49, 80 A.2d 148, 151 (1951). Here the record reveals evidence sufficient to entitle the defendant to a jury's consideration of Mr. London's contributory negligence. Mr. Reed, Mr. London's passenger, testified that Mr. London suddenly applied his brakes and skidded into the guardrails, hitting them in succession, apparently causing the vehicle to slow down unexpectedly. The defendant testified that as the pickup truck executed a left turn, Mr. London attempted to pass it on the right, but he hit a snow bank which slowed him down and caused him to "fishtail." The cases of *Fine v. Parella*, 92 N.H. 81, 83, 25 A.2d 121, 122 (1942) and *Himmel v. Finkelstein*, 90 N.H. 78, 79, 4 A.2d 657, 658 (1939), relied on by the plaintiff, do not support the proposition that a motorist is required under all circumstances to anticipate and provide against the negligence of other motorists, but merely state that "a motorist, under certain conditions, may be

required 'to anticipate and provide against that occasional negligence' which is one of the expectable incidents of highway traffic." Whether conditions were such as to require the defendant to anticipate another operator's negligence is ordinarily a question of fact for the jury. *Fine v. Parella*, 92 N.H. at 83, 25 A.2d at 122; *Himmel v. Finkelstein*, 90 N.H. at 79–80, 4 A.2d at 658. That defendant was solely liable was not the only conclusion that could reasonably have been drawn from the evidence presented in this case, and therefore the trial court committed no error in refusing to direct a verdict for the plaintiff.

What has been said above makes clear that there was sufficient evidence in this case to warrant the jury in finding that Mr. London was negligent in the operation of his vehicle and that this negligence had a causal relation to his accident. The court therefore committed no error in instructing the jury on the comparative negligence statute.

Plaintiff also excepted to the court's instructions on the emergency doctrine. Plaintiff argues first that on the facts of this case the doctrine is inapplicable, and second that the court's instruction misled the jury on the requirements of that doctrine.

We disagree. The contention that defendant's negligence created the emergency, thus preventing the defendant from taking advantage of the emergency doctrine, is merely a reiteration of the plaintiff's claim, which we have already rejected, that the evidence in this case compels a finding that the defendant was negligent as a matter of law. *See generally* 2 Blashfield, Automobile Law and Practice § 102.28 (3d ed. 1965; supp. 1977). Similarly, as discussed above, the contention that the events that gave rise to this emergency should have been foreseen and anticipated by the defendant as a matter of law must be rejected. *See Desautelle v. Fletcher*, 103 N.H. 177, 181–82, 167 A.2d 685, 688 (1961). *But see Jones v. Boston & M. R.R.*, 83 N.H. 73, 84–85. 139 A. 214, 221 (1927).

Plaintiff also argues that his claims of negligence in his complaint referred to acts of the defendant antecedent to any supposed emergency, so that the doctrine is inapplicable. Plaintiff's allegations of negligence, however, referred to failing to keep a proper lookout and generally failing to keep defendant's vehicle under proper control under the conditions prevailing at the time, in addition to failing to maintain a reasonable speed and distance from Mr. London's vehicle. The former allegations presumably make reference to acts continuing up to the time that defendant struck the back of Mr. London's car. Also, questions asked of witnesses at trial (and answers given) referred

to defendant's conduct after the emergency arose. Because the allegations and testimony make reference to acts contemporaneous with the alleged emergency, the court properly instructed the jury that the possibility that the defendant was acting under the stress of an emergency not created by his own negligence is a factor to be considered in determining whether he acted with ordinary care. *Allen v. State*, 110 N.H. 42, 47, 260 A.2d 454, 458 (1969).

Plaintiff also objected to the court's instruction on the emergency doctrine as misleading and conveying an erroneous conception of the law. The court instructed the jury as follows:

> Under the Emergency Doctrine, if a person is called upon to act in an emergency not created by his own negligence, he may still be found to be negligent for what he does or fails to do while acting in the emergency, but the fact that he was acting under the stress of emergency is a factor or circumstance to be considered in determining whether he was negligent. Where, however, an emergency not due to his own negligence leaves no time for thought, so that he must act instinctively, he cannot be held responsible for what he does under such circumstances, unless he is shown to be unfit to act in such an emergency.

This was an accurate statement of our law. *Allen v. State*, 100 N.H. at 47, 260 A.2d at 458. The court's instruction did not suffer from the infirmities which necessitated reversals in *Wieszeck v. Sepessy*, 116 N.H. 160, 355 A.2d 865 (1976) and *Remillard v. New England Tel. Co.*, 115 N.H. 702, 349 A.2d 588 (1975), nor was the instruction inadequate to make clear to the jury that the defendant could not take advantage of the emergency doctrine if the emergency arose through his own negligence, *Quint v. Porietis*, 107 N.H. 463, 470, 225 A.2d 179, 185 (1966). Accordingly plaintiff's exception to this instruction is overruled.

The plaintiff's final argument is that the trial court erred in denying plaintiff's motion to set aside the verdict as against the weight of the evidence and for a new trial. Without recapitulating what has been said, clearly there was evidence to support the jury's verdict. We therefore find no abuse of discretion in the trial court's refusal to set aside the verdict and order a new trial.

*Exception overruled.*

DOUGLAS, J., did not sit; all others concurred.