Rockingham
No. 84-331

CLAIRE POIRIER LANE

v.

DAVID CAMIRE

April 5, 1985

*McGuirk & Shaw*, of Exeter (*Tyler P. Harwell* on the brief and orally), for the plaintiff.

*Griffin, Harrington, Brigham, Ritzo & Swanson P.A.*, of Portsmouth (*Peter A. Gleichman* on the brief and orally), for the defendant.

### MEMORANDUM OPINION

This appeal challenges the granting of a directed verdict for the defendant by the Superior Court (*Gray*, J.), at the close of plaintiff's case. We affirm.

At trial, the following facts were presented. The plaintiff was a tenant of the defendant. During the first week of January, 1981, the defendant landlord called upon the plaintiff to pay her rent which was due on the first of January. The plaintiff notified him at that time that she was moving and would be out by the end of the month. On two occasions the plaintiff removed numerous items from her apartment using a station wagon and a U-Haul.

By the end of January, 1981, the plaintiff no longer resided in the apartment. She left no forwarding address, and the defendant was unable to make contact with her.

On February 7, 1981, under police supervision, the defendant entered the apartment, removed the plaintiff's remaining property, and placed it in a storage facility. Within four days, the parties' attorneys had spoken with each other and the items were made available to the plaintiff. The plaintiff did not pay rent for January or February 1981, and has never attempted to retrieve her property from storage.

An action was brought by the plaintiff based on conversion and violation of RSA 540-A:3, II, III and IV (Supp. 1983), claiming damages totaling $80,000 from loss of or damage to her stored property. At the close of the plaintiff's evidence, the court granted the defendant's motion for directed verdict. As the basis for this, the court stated that both counts of the plaintiff's writ were grounded on the premise either that the plaintiff was a tenant of the defendant at the time the property was removed or that she was entitled to exclusive possession of the unit in which she formerly resided and from which the removal was effected.

The court held that, construing the evidence and all reasonable inferences therefrom most favorably to the plaintiff, no reasonable jury could have found that she was a tenant after January 31, 1981, so that RSA chapter 540-A (Supp. 1983) was not applicable. *See London v. Perreault*, 118 N.H. 392, 394, 387 A.2d 342, 344 (1978). Further, the plaintiff neither pleaded nor proved any conduct on the part of the defendant which constituted so serious an interference with the plaintiff's right to her property as to constitute conversion. *See Muzzy v. Rockingham County Trust Co.*, 113 N.H. 520, 309 A.2d 893 (1973).

Additionally, the court found no bad faith on the part of the defendant and no attempt on the part of the plaintiff to mitigate her damages. Plaintiff had written to the defendant immediately after discovering that her property had been removed and had directed him to contact a certain lawyer, which he did. If the plaintiff had called that lawyer, she could have located and regained her property four days after its removal. At that point the total expense in recovering her belongings would have been approximately $25, well below the jurisdictional amount required to bring an action in superior court. RSA 491:7 and RSA 502-A:14.

On the evidence we find no error by the trial court.

*Affirmed.*