## CAVERNO v. JONES.

In trespass for assault and battery, evidence of threats to do the plaintiff bodily harm made by the defendant before the alleged assault, or so immediately after it as to constitute a part of the transaction, is competent.

The record of the conviction of either party, under a plea of not guilty, upon an indictment for the assault, is not competent evidence.

TRESPASS, for assault and battery. The court permitted the plaintiff to testify that the defendant made threats to do him bodily harm both before and after the alleged assault, and rejected the record, offered in evidence by the defendant, of the conviction of the plaintiff upon an indictment for an assault growing out of the same affray mentioned in the plaintiff's writ. After the jury had been out during the night, they were brought into court, and reported that they were not agreed as to the facts. The court thereupon, in the presence of the counsel for both parties, said to the jury that it was as much their duty to render a verdict, if possible,

as to try the case, and gave them the same instructions substantially as were given in *Ahearn* v. *Mann*, 60 N. H. 472. The defendant excepted to the rulings and instructions, and also moved to set aside the verdict. In support of the motion, he offered the affidavit of his father that since the trial one of the jurors told him that he understood from the instructions that it was his duty to agree with the majority, and that he did so against his judgment. The motion was denied, and the defendant excepted.

*Worcester & Gafney* and *Copeland & Edgerly*, for the plaintiff.

*W. R. Burleigh* and *S. M. Wheeler*, for the defendant.

CARPENTER, J. Evidence of the defendant's threats to do the plaintiff bodily harm made before the alleged assault was competent. *Morrow* v. *Moses*, 28 N. H. 95. Evidence of similar threats made so immediately after the assault as to constitute a part of the *res gestæ* was likewise competent. In the absence of any statement to the contrary, it must be presumed that such was the character of the subsequent threats in question. If they were so remote in time as not to form a part of the principal transaction, it was the defendant's duty to make the fact appear in his bill of exceptions. Whether, in case it had so appeared, the evidence was competent upon the question of damages, or upon any other question, need not be considered. *Bixby* v. *Dunlap*, 56 N. H. 456.; *Newman* v. *Goddard*, 3 Hun 70; *Handy* v. *Johnson*, 5 Md. 450; 2 Gr. Ev., s. 94.

The record of the plaintiff's conviction does not show that he pleaded guilty (*Burgess* v. *Burgess*, 47 N. H. 395, *Green* v. *Bedell*, 48 N. H. 546), and was properly rejected. *Chamberlain* v. *Carlisle*, 26 N. H. 540; *Hayward* v. *Bath*, 38 N. H. 179, 183, 185; *Bradley* v. *Bradley*, 11 Me. 367; 2 Stark Ev. 196, 197; 1 Gr. Ev., s. 537.

There was no error in the instructions to the jury (*Ahearn* v. *Mann*, 60 N. H. 472), or in the denial of the motion to set aside the verdict. *Tyler* v. *Stevens*, 4 N. H. 116; *Folsom* v. *Brawn*, 25 N. H. 115, 123; *Belknap* v. *Wendell*, 36 N. H. 250.

*Exceptions overruled.*

BLODGETT, J., did not sit: the others concurred.