Hillsborough,  
March 2, 1937.

JOHN KARDASINSKI *v.* OLAF H. KOFORD, *Ex'r.*

*Aloysius J. Connor* (by brief and orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Wyman* orally), for the defendant.

ALLEN, C. J.   The evidence tended to prove these facts.   The plaintiff traveling easterly on a highway in Auburn in an automobile truck, had his course obstructed by a car which backed down from a driveway on the north side of the highway and which was driven by the defendant's testate, herein also called the defendant.   The plaintiff turned to the left in order to pass the end of the defendant's car, which faced northerly, put on his brakes, and lost steering control. His truck left the concrete roadway on his left side and overturned. The defendant's car was stopped directly across the highway and there was no room to pass by its end facing southerly.   In backing down the driveway she stopped at its entrance into the highway after the plaintiff blew his horn on observing her car.   He noticed that she looked up in his direction at about the time she stopped in the driveway.   He thought she was waiting before entering the highway until he passed her, but after he had proceeded some distance, she backed quickly and across the full width of his right side of the roadway before stopping.   His distance from her was then some 8 rods,  he was traveling at a speed of 25 to 30 miles an hour and on a down grade of about 5 per cent.

The exception to the denial of the motion for a directed verdict has not been extensively argued and does not call for extensive discussion.   It might be found that the defendant should have anticipated that the plaintiff would expect her to wait in the driveway until he passed her and would drive his truck in that expectation. Her failure thus to anticipate or to act pursuant to thus anticipating was not necessarily freedom from fault or non-causative of the accident, and the plaintiff's contributing fault is not to be found as a matter of law.

The plaintiff requested instructions relative to conduct in an emergency.   The court held that an emergency might be found to have arisen and instructed the jury that if it was not due to the plaintiff's fault, the sudden call to act in it was to be considered as a factor in passing on the character of his conduct, adding that "the excitement

incident to such a situation naturally affects the judgment of a prudent man and has a tendency to prevent it from doing its best work." But requests to instruct to the summarized effect that if the plaintiff acted instinctively, without time for a prudent man to think, his conduct was not careless, were not granted.

The defendant seeks to show that the evidence permitted no finding of an emergency chargeable to him. The trial embraced the issue and it was submitted to the jury by the charge. But if there was no evidence warranting the submission of the issue, the plaintiff may not complain that the instructions upon it were inadequate. He could not be prejudiced by an insufficient charge upon an issue which he was not entitled to have submitted in any form. *O'Malley* v. *McGillan*, 86 N. H. 186. The inquiry whether there was any evidence of an emergency not produced by the plaintiff's fault is therefore presented.

The plaintiff testified to traveling at a proper speed, with his truck in proper condition and control, with a view of the defendant's car stationary in the driveway, and with the expectation that it would remain so until he passed it. When without warning it was driven backwards across the highway and blocked his side of the roadway, he was findably at a distance from it so that his findable speed indicated a collision unless he acted on the spur of the moment. An emergency being a sudden unexpected occurrence calling for immediate action to meet its dangers, the sufficiency of the evidence on the issue therefore appears.

An unexpected danger suddenly encountered more or less naturally tends, in effect upon one's mental faculties, to slow as well as to disturb them. The speed of mental action in meeting such a danger is to be measured by the standard of men in general, as well as its manner. When one is startled, thought for taking a safe course may be checked as well as confused. Not only may the mind in an emergency fail to do its best work, but the emergency may be such as to give no time for, or to delay, the working. *Miller* v. *Daniels*, 86 N. H. 193, 196, and cases cited.

As a material point of importance this quality of instinctive action inheres in the emergency doctrine, at least whenever it is applicable to the evidence, and in such a state of the evidence the jury on request should be instructed in respect to it.

Whether the evidence of an emergency tended to show a justified situation for instinctive or unthinking action, remains to be considered. If, in passing on the sufficiency of evidence, there may be

cases where a legal line is to be drawn between an occasion for immediate or instant action without instinctive conduct and one with such conduct, the evidence here permits a finding that the plaintiff acted without time to think. The unexpected and sudden movement of the defendant's car in crossing and blocking the roadway tended naturally in some measure to prevent the plaintiff's use of his mental faculties as well as to disturb their manner of use. It is not to be declared as matter of law that three or four seconds of time for saving action under the situation which faced the plaintiff, disproves an instinctive character of his conduct or proves that he should have sooner acted upon thought. That he instinctively put on his brakes and steered his truck to the left, with no time to employ his mind towards control of the course of the truck, would be a warranted finding. The charge therefore was inadequate in its omission to instruct respecting instinctive action for its bearing on the plaintiff's care.

*New trial.*

All concurred.