Merrimack, }
Nov. 1, 1938. }

SARA LEE HACKETT, *Adm'x v.* BOSTON & MAINE RAILROAD.

HELEN (CROWTON) HASKELL, *Adm'x v.* SAME.

*Robert W. Upton* and *John H. Sanders* (*Mr. Upton* orally), for the plaintiffs.

*Demond, Woodworth, Sulloway, Piper & Jones* (*Mr. Piper* orally), for the defendant.

PAGE, J. These actions grow out of the accident that gave rise to the cases reported in *Carbone* v. *Railroad, ante,* 12. Although the present record includes none of the evidence upon the question of liability, it was admitted by both plaintiffs and defendant in brief and argument that upon the evidence that question was one for the jury. We shall consider later possible implications of the inference that reasonable men might have differed upon the question of liability and attend first to the principal contentions of the parties

relative to the sufficiency or insufficiency of the verdicts. The uncontradicted evidence upon damages (none was introduced by the defendant) appears in the record. It is such as to support the court's findings relative to the earning capacities of the decedents. Those findings were as follows:

"Mr. Hackett was trained as a plumber and electrician. He worked for the Boston & Albany Railroad as a plumber's helper where he received regular pay of Thirty (30.00) Dollars a week. When work was slack the pay would be from Fifteen Dollars (15.00) up. In summers he worked for the J. T. Sweeney Tarvia Works, because the work on the railroad was slack, where he received Thirty-five (35.00) Dollars a week. For two or three years prior to the accident, he worked for Mr. Sweeney and maintained his job also with the Boston & Albany. He worked for Mr. Sweeney on leaves of absence from the Boston & Albany and also during some of his spare time while working for the latter.

"Arthur James Crowton, at the time of the accident, . . . worked for J. T. Sweeney driving a truck. When working full time he earned on the average Thirty-five (35.00) Dollars a week. When working away from home, he was allowed Fourteen (14.00) Dollars a week for his living expenses. He worked ten or eleven months a year."

The defendant argues that the jury were at liberty to disbelieve the evidence upon which these findings were based, either wholly or in part. There is no doubt that in general the jury may disregard or discount uncontradicted evidence. *Andrew* v. *Goodale*, 85 N. H. 510, 513; *Morrison* v. *Railroad*, 86 N. H. 176, 178; *Trudeau* v. *Company*, ante, 83, 85. In the pending cases it is urged that the only evidence of earnings was the testimony of the decedents' widows, who are interested parties; that their testimony was somewhat vague; that it contained seeming contradictions; and that it was unsupported by pay-roll records or testimony by the employers of the deceased. This is true.

Nevertheless, though the evidence of earnings were totally disbelieved, there still remained the evidence that Hackett was twenty-five years of age, with an expectancy of life of about thirty-eight years, and that he left a widow and a posthumous child; also that Crowton was thirty-one years of age, with an expectancy of life of about thirty-two years, and that he left a widow and two children aged five and four at the time of trial (about three years after the accident and death). These facts do not seem to be disputed by the defendant. Nor does any reason appear why, though supported only by the

testimony of the widows, they should not be accepted and believed by the jury. Thus in each case one of the elements of damage in death cases, " the probable duration of his life but for the injury" (P. L., c. 302, s. 12), may be taken as having been supported by the great weight of the evidence. There was also an overwhelming preponderance of evidence that each decedent was survived by beneficiaries likely to have derived support from the decedent, had he survived the accident, for a long period of years.

The "capacity to earn money" is the element upon which the defendant lays emphasis. It may be assumed that the jury disregarded or discounted the testimony of the widows in this respect as fully as circumstances warranted, but subject to the limitation that the verdicts establish the finding of some earning capacity. The jurors were correctly instructed in accordance with the rule of damages laid down in *Morrison* v. *Railroad*, 86 N. H. 176, 182. It is perfectly clear that the jurors believed that the decedents had some capacity and that they would have made some provision for their dependents during their lifetimes, even if they had not left estates for them.

Hackett's estate was awarded $3,000. His widow produced a bill for funeral expenses totalling $685. There is no reason to doubt that the jury believed the evidence as to these expenses. Therefore their award for loss of his earning capacity for the benefit of his dependents was $2,315. Since a man of Hackett's age has an expectancy of life of thirty-eight years, this amounts to $60.92 for each year. The jury saw his widow, who testified to an age of twenty-seven, three years after she was widowed. It is not suggested that she was not to be believed in this respect. Her child was in court, and she so testified, describing the baby, though the child was not exhibited. Under all the circumstances, an award of $60.92 for the present value of the expectable annual provision by the decedent for his family could be found by the court to be absurdly small. The same might be said of the allowance to Crowton's estate of a sum averaging less than $80 a year, which would represent a provision far less than that made by the average man.

There was not the slightest evidence that either decedent lacked average health, average disposition to work, average earning capacity of laborers, or average feeling of family responsibility. Positive evidence to the contrary left no ground for speculating about a deficiency. The weight of the evidence in this regard clearly supports the court's findings that the damages were inadequate and that the

jury misconducted themselves. The defendant's exception is overruled. *Wisutskie* v. *Malouin*, 88 N. H. 242, 246; *Zeroyan* v. *Duncan*, 88 N. H. 114, 116; *Golej* v. *Varjabedian*, 86 N. H. 244, 246.

If the trial judge is to be understood as having found that the jury first "determined that the defendant was liable" and that "this appears clearly and definitely," we think that such findings are not justified by the record.

Where there is "a compromise verdict concurred in by some members of the jury on the question of liability in consideration of the smallness of the damages," the only power of the court is to order a complete new trial upon all of the issues. *Doody* v. *Railroad*, 77 N. H. 161. The reason for this is that it is impossible to disentangle the web of error and separate the true from the false.

Where the verdict is unreasonable in amount, the error is presumed to extend to the issue of liability, unless there is satisfactory evidence of facts occurring at the trial from which it can be found that it was due to other causes. *Moulton* v. *Langley*, 81 N. H. 138, 139.

Neither in the specific findings of the trial judge nor in the record itself do we find satisfactory evidence to rebut the presumption that these verdicts are bad *in toto*. Indeed, the assessment of the same damages to each plaintiff strongly supports the presumption. "Where it appears that the error may have affected all the issues, the conclusion of law that there must be a complete new trial follows." *West* v. *Railroad*, 81 N. H. 522, 534. See also *Derosier* v. *Company*, 81 N. H. 451, 470. In order to avoid a new trial, "it must clearly appear that the effect of the error did not extend to all the issues tried." *McBride* v. *Huckins*, 76 N. H. 206, 213, followed by *Milford &c. Co.* v. *Railroad*, 79 N. H. 525.

In view of the foregoing, it is unnecessary to consider the constitutional question raised by the plaintiffs. As to this, contrary views have been taken. *Dimick* v. *Schiedt*, 293 U. S. 474. No decision is made as to that question. It is also unnecessary to consider the exceptions to the exclusion of the affidavit of the juror which was raised by the motions to set the verdicts aside. But as the evidence excluded on the issues submitted to the jury may be offered at the new trial, it will be convenient to consider the questions raised thereby.

The plaintiffs offered evidence of the pay received by flagmen at the time of the accident. The defendant objected that the evidence was immaterial and prejudicial, and it was excluded. Its materiality does not seem to be in doubt. *Haskell* v. *Railway*, 73 N. H. 587;

*Spilene* v. *Company*, 79 N. H. 326, 330; *Hussey* v. *Railroad*, 82 N. H. 236, 242. The record does not contain the evidence upon the issues of liability, and it is not clear whether there were grounds for finding that the offered proof would be prejudicial upon other issues than the one to which the offer was directed (*Bunten* v. *Davis*, 82 N. H. 304, 312), but the defendant aptly suggests that it might properly have been excluded as cumulative in the discretion of the court, since the jury might rely upon common knowledge that the cost of flagmen would have been trifling.

A photograph of each decedent was offered and excluded. The photographs were relevant upon the states of health of the decedents and their physical condition. In so far they were admissible if verified as undistorted likenesses. Yet, provided proper facts appeared, they might be excluded in the exercise of a sound discretion for remoteness or undue prejudice or as being merely cumulative evidence upon an issue already conclusively proved or admitted. *Pritchard* v. *Austin*, 69 N. H. 367; *Turner* v. *Company*, 75 N. H. 521; *State* v. *Hause*, 82 N. H. 133; *Litchfield* v. *Londonderry*, 39 N. H. 247, 251; 2 Wig. Ev. (2d *ed.*), ss. 793-795.

The offer of proof of the health of the posthumous child of one of the decedents was relevant to the issues of the probable duration of the contributions by the deceased (if he had lived) and the probable amount of such contributions in view of the child's good or bad health. This likewise might have been excluded if the court found that it would serve no useful purpose because the issues were already established, or on found grounds of undue prejudice or other facts appealing to the sound discretion of the court.

*New trial.*

BRANCH, J., was absent: the others concurred.