Hillsborough, } No. 3115.
Dec. 5, 1939. }

ANN PERLMAN, *by her father and next friend*, HARRY PERLMAN

*v.*

VERNA HAIGH.

*Saidel, Lemelin, Hurley & Betley* (*Mr. Saidel* orally), for the plaintiff.

*Sheehan & Phinney* (*Mr. Sheehan* orally), for the defendant.

BRANCH, J. The emergency doctrine was clearly applicable to the situation disclosed by the evidence. In this respect the present case is not distinguishable from *Kardasinski* v. *Koford*, 88 N. H. 444. The plaintiff's reliance upon this doctrine as the basis of her claim was repeatedly indicated throughout the trial by the opening statement of plaintiff's counsel, by his examination of witnesses and by his closing argument to the jury. In view of the rule which prevails in this jurisdiction as to the reciprocal duties of court and counsel, plaintiff's counsel was justified in assuming that this phase of the case would be covered by the charge even though no specific request were made in writing in accordance with Rule 52 of the Superior Court, which requires that "All requests for instructions must be handed to the presiding justice before the arguments." 78 N. H. 697.

"It has always been understood here that the duty to fully and correctly instruct the jury as to the law applicable to the case rests upon the court. The presiding justice should, of his own motion, give a proper charge. . . . But the reciprocal duty of counsel (*Gardner* v. *Company*, 79 N. H. 452, 457, and cases cited) requires that he call the attention of the court to omissions from the charge in season for the correction of the error. . . . When, however, this duty of counsel has been performed, and the matter is thus brought to the attention of the presiding justice, an exception lies if there is a failure to charge. *Tuttle* v. *Dodge*, 80 N. H. 304, 316 and cases cited." *Burke* v. *Railroad*, 82 N. H. 350, 361.

The present case comes squarely within the above stated principles of the *Burke* case. Plaintiff's counsel, by his exception, called the attention of the court to an important omission from the charge "in season for the correction of the error." Having thus brought the matter to the attention of the Presiding Justice, plaintiff's exception to the court's failure to charge was properly taken and must be sustained.

*New trial.*

All concurred.