REITA A. WARE, *Adm'x v.* BOSTON & MAINE RAILROAD.

*Wyman, Starr, Booth, Wadleigh & Langdell* and *Albert D. Leahy* (*Mr. Booth* orally), for the plaintiff.

*McLane, Davis & Carleton* and *Robert P. Bingham* for the defendant.

PAGE, J. The only portion of the charge objected to is that concerning the reduction of the amounts the jury might find the decedent probably would have earned during his lifetime but for the accident, and what out of these earnings he probably would have left over for the benefit of his estate, and what in the meantime he probably would have done for those who would naturally be the recipients of his bounty. As to the reduction of this amount the Court said: "Having ascertained that amount, that would be the loss the estate would have sustained at the end of the period of his life but for the accident, and you will reduce that amount to its present-day value; that is, to such sum as if put at interest at the present current rates of investment would mature to the amount which you fix as the damage to the estate by his death. . . ." To the reduced amount the jury were properly told to add the doctor's, nurses', hospital, and funeral bills, besides property damage to the decedent's car.

At the close of the charge, the plaintiff's counsel excepted "to the application of the rule of discounting the damages in death cases, where, as in this case, the decedent left a dependent. I think where a person leaves dependents that rule of arbitrary discount does not

apply." The motion for a new trial was grounded on the claim that "the Court erroneously charged the jury in accordance with the 'present worth' rule of damages as set forth in *Humphreys* v. *Ash*, 90 N. H. 223, 230, which said rule is inapplicable in whole or in part to a case where the decedent" has left one or more dependents.

The plaintiff now bases her claim of error upon the allegation, not that there should be no reduction at all, but that two different mathematical rules of discount are applicable to the reduction to present value of (1) the amount the decedent would have left to his estate if he had lived his natural lifetime, and (2) the amounts that he would have paid annuity-wise from year to year for the support of his dependent. However this may be, the alleged error pointed out to the Court during and after trial was not that there are as a matter of fact two different mathematical rules of discount, but that as a matter of law or fact no discount at all applies where there are dependents. If the present thought of counsel were intended to be conveyed to the trial Justice, the words used were not well designed to convey that thought. "It could hardly be expected that a trial judge, in response to these exceptions, would have undertaken to modify his charge along the lines now suggested or that he would have hit upon the 'true rule' which counsel have since had leisure to formulate." *Watkins* v. *Railroad*, 84 N. H. 124, 129, 130.

Counsel now argues that it is the duty of a trial Justice to give instructions that are correct. But the duty of Court and counsel are reciprocal in this respect. Where a party has repeatedly indicated throughout the trial the theory upon which he proceeds, his counsel may assume that the Court will perform the reciprocal duty of giving a proper charge although no specific request be made in writing for an instruction covering the claim. *Perlman* v. *Haigh*, 90 N. H. 404; *Gardner* v. *Company*, 79 N. H. 452, 457. But in the present case counsel did not, as far as appears, at any stage of the trial or in any manner adequately bring to the attention of the Court a distinction that as far as we know has never been discussed in this or any other case until counsel for the plaintiff briefed it here. All that counsel drew to the attention of the trial Justice was the apparent claim that there should be no discounting whatever in case the decedent left a dependent. But it is now conceded by plaintiff's counsel that some reduction is required, though upon different mathematical formulae as applied to two elements of the damages.

Since argument, the plaintiff has called to particular attention several cases. She relies upon *Burke* v. *Railroad*, 82 N. H. 350, and

*Perlman* v. *Haigh*, 90 N. H. 404. Those cases hold that where the excepting party brings to the attention of the Presiding Justice with substantial clearness the basis of his objection, the Court has the reciprocal duty of giving a sufficient instruction to cover the point of law raised by the objection. We think that the objections made in this instance were insufficient to enlighten the Court concerning what was desired. While it is true that the present value of "the expectable annual provision by the decedent for his family" is to be awarded as a part of the damages in death cases (*Hackett* v. *Railroad*, 89 N. H. 514, 517; *Roussin* v. *Blood*, 90 N. H. 391; *Robinson* v. *Dixon*, 91 N. H. 29, 35), it does not appear in those cases that the mathematical formula for ascertaining that present value differs from that applicable for figuring the present value of the probable amount the deceased would have left for his estate, and that there might be such a difference was not clearly brought to the attention of the Court.

*Exceptions overruled.*

All concurred.