Carroll,
May 6, 1947. } No. 3647.

PHILIP S. DAVIS *v.* STATE.

*Burnham B. Davis* and *Robert W. Upton* (*Mr. Upton* orally), for the plaintiff.

*Ernest R. D'Amours*, Attorney General and *Gordon M. Tiffany*, Assistant Attorney General (*Mr. Tiffany* orally), for the defendant.

BLANDIN, J. It was the duty of the Trial Court "to fully and correctly instruct the jury as to the law applicable to the case" (*Burke* v. *Railroad*, 82 N. H. 350, 361), and to so phrase his instructions that it was reasonably certain the jury understood them. *West* v. *Railroad*, 81 N. H. 522, 532. In our opinion this was not done. Crediting the jury with sound common sense, still it cannot be said in view of all the conflicting claims made throughout the trial that they as laymen were bound to know the meaning of market value, or that they should have understood that this was the test to determine the amount of damages. See *Trustees &c. Academy* v. *Exeter*, 92 N. H. 473; *Emmons* v. *Company*, 83 N. H. 181; *Low* v. *Railroad*, 63 N. H. 557.

It appears that the plaintiff's requests Nos. 1 and 4 are waived by his failure either to brief or argue them orally. While it may be argued also that the Court's instructions cover plaintiff's requests Nos. 3 and 5 in substance, they were not as clear a statement of the law as embodied in these requests. When taken in connection with the rest of the charge and the failure of the Court to define market value (plaintiff's request No. 2), or make it plain that this was the yardstick which must be applied in determining the amount of damage, it is evident the jury may have been misled.

The language of *Peaslee*, C. J., in *West* v. *Railroad, supra*, seems particularly applicable to the present case. There the opinion states with reference to an exception to the Court's charge (*p*. 531), "The test of the validity of the exception is to inquire whether 'the jury could have been misled.'" On page 532 the opinion states that if instructions are not so framed as to convey to the jury as laymen "the proper thought . . . with reasonable certainty," the verdict should be set aside. Again on page 533 the court concludes that since "the chance of an erroneous understanding might have been obviated by a brief explanatory statement, the exception must be sustained."

After the charge and before submission of the case to the jury, plaintiff's counsel twice excepted to the failure of the Court to give his requests Nos. 1 to 5 inclusive, without specifying the reasons for his exceptions. However, the Court had the power to request that this be done had he desired, and it appears that the exceptions were properly taken. *Peppin* v. *Railroad*, 86 N. H. 395, 401; *Burke* v. *Railroad, supra*.

The present opinion is not to be understood as implying any departure from the sound doctrine set forth in *Dane* v. *MacGregor, ante*, 294 and *Beaudin* v. *Company, ante*, 202. The Trial Justice should not be compelled to use the precise form suggested by a party (*Bixby* v.

*Railroad, ante,* 107, and cases cited), or to charge the application of the law to every fact. *Burke* v. *Railroad, supra.* Much should be left to the sound discretion of the Trial Court. *Dane* v. *MacGregor, supra; Colby* v. *Lee,* 83 N. H. 303. But a charge which, in spite of proper requests, fails to clearly and accurately instruct the jury on a vital issue is ground for reversal.

*New trial.*

KENISON, J., did not sit: the others concurred.