Hillsborough,
No. 4275.

CONRAD BELLAVANCE, *Adm'r*

*v.*

NASHUA AVIATION AND SUPPLY COMPANY, INC.

Argued April 6, 1954.

Decided April 21, 1954.

*Leonard & Leonard* and *Robert J. Doyle* (*Mr. Doyle* orally), for the plaintiff.

*McLane, Carleton, Graf, Greene & Brown* (*Mr. Brown* orally), for the defendant.

BLANDIN, J. The single issue transferred is whether a writ in an action brought by the plaintiff as administrator of his deceased son's estate against the pilot of the plane alleging that the latter's negligence caused the accident is admissible. It is unquestionably the law that if the writ showed an inconsistency with the plaintiff's position as taken at the trial, it was properly admitted; otherwise, it was incompetent. *Masterson* v. *Railway,* 83 N. H. 190, 193; *Harvey* v. *Provandie,* 83 N. H. 236, 242. See also, *Caplan* v. *Caplan,* 83 N. H. 318, 324. The plaintiff argues that there is no inconsistency in claiming as he did that both the pilot and the defendant were negligent. The defendant admits that in some circumstances this might be so but contends here that the plaintiff tried his case on the theory that the *sole cause* of the accident was because of a mechanical defect in the plane which took it completely out of the pilot's control and which the defendant by reasonable care could and should have discovered so as to have prevented the crash.

In his opening statement, after explaining that the plane "dove vertically in the ground," the plaintiff said that the evidence would show "it was a structural failure that causes airplanes to dive vertically into the ground." And further, that "reasonable inspection by the company . . . would have prevented this accident." He then read from the declaration in part as follows: ". . . the said airplane went out of control of said pilot because of its defectiveness and unsafe condition, and because said airplane did not meet the required regulations for the rental of such airplanes. . . . " The transferred record contains only the plaintiff's opening statement, the brief testimony of the clerk of court through whom the

writ was introduced by the defendant, and a recital of a conference in chambers by the Court and counsel.

It appears from what was said by Court and counsel at the conference in chambers that the Court ruled the writ was admissible since the jury could find that the plaintiff was assuming inconsistent positions in his claim against the pilot, as shown by the declaration in that suit and by his claim to be entitled to argue the due care of the pilot in the trial of this suit. On the record the ruling was proper and the order is

*Judgment on the verdict.*

All concurred.