Grafton,
No. 5747.

MARJORIE PARENT & a.

v.

GEORGE E. TETREAULT.

Argued May 8, 1968.
Decided May 29, 1968.

*Mack M. Mussman* for the plaintiffs, filed no brief.

*Luigi J. Castello* and *Karl T. Bruckner* ( *Mr. Bruckner* orally ), for the defendant.

GRIFFITH, J. Appeal by the employer, George E. Tetreault, from a decision of the Labor Commissioner awarding benefits under the Workmen's Compensation Act to the dependent widow and children of Henry R. Parent, who was killed on March 24, 1965 while in the employ of George E. Tetreault. The employer agreed that the dependents were entitled to the award of the Labor Commissioner unless the employer was relieved from liability under the provisions of RSA 281:15. The Trial Court found against the employer, George E. Tetreault, and the transfer to this court is limited to two exceptions to exclusion of evidence during the trial reserved and transferred by *Keller*, J.

RSA 281:15 provides that "The employer shall not be liable for any injury to a workman which is caused in whole or in part by the intoxication, or serious and willful misconduct of the workman. The provisions as to intoxication shall not apply, however,

if the employer knew that the employee was intoxicated."

Henry R. Parent was killed driving a truck of the employer on March 24, 1965. It was the claim of the employer that Henry R. Parent was intoxicated, unknown to the employer, at the time of the accident and the trial in the Superior Court was largely devoted to this issue.

The Trial Court excluded the opinion of Richard Knapp, chief of police of Lisbon, as to the role alcohol or intoxicants may have played in the accident. The employer excepted to this exclusion and argues that this opinion should have been admitted. Chief Knapp testified that he had investigated an average amount of accidents in the ten or eleven years he had been chief of police and detailed what he found at the scene of the accident including the fact that the employee was dead when he arrived. It did not appear that the witness had any training in accident investigation beyond the experience acquired in the investigations he had made. The exclusion by the Trial Court implied a finding that the witness' opinion would not aid the Court as the trier of fact. This was a proper exercise of discretion by the Trial Court and the employer's exception is overruled. *Cormier* v. *Conduff,* 109 N. H. 19.

The employer offered certain evidence of a test of blood alleged to be that of the deceased, Henry Parent, for the purpose of showing the alcoholic content of his blood at the time of the accident. The Trial Court made the following ruling on this evidence: "During the hearing the employer's counsel offered as evidence a chemical analysis of the blood alleged to have been taken from the deceased, shortly after the accident. This evidence was received on the condition that a proper foundation would be laid. This was not done, and consequently the analysis is excluded as evidence. The evidence introduced in an attempt to lay a proper foundation was insufficient since it does not prove that the blood sample which Trooper Bronson received at the Pillsbury Funeral Home, which is claimed to be the sample tested, was the blood sample taken by Dr. Dudley from the body of Mr. Parent."

The employer excepted to the exclusion of the blood test and argues that it should have been admitted with the deficiencies in identification testimony going to the weight of the testimony rather than its admissibility.

Dr. Dudley testified that he took a sample of blood at the Pillsbury Funeral Home from the deceased and placed it in an unsealed container and that he had no recollection of what he did

with the sample. Chief Knapp testified that he received a blood sample from the funeral director and gave it to Trooper Bronson of the State Police. Trooper Bronson testified that he took it to the Troop headquarters at Littleton and left it on the desk after making a transmittal sheet and attaching it by a rubber band to the container. The State chemist, Barbara Guptill, testified that she received a blood sample with the transmittal sheet attached from Trooper Kimball of the State Police and that the container was not sealed and she did not know if there was a cover on it. Trooper Kimball had no recollection at all of the blood sample and testified that it was possible that he never delivered a blood sample of Henry Parent to the chemist. There were no records of the State Police relating to the delivery, and there was no identification of the sample as having been taken from decedent, Henry Parent, except for the transmittal sheet made out by Bronson that referred to the sample as blood taken by Dr. Dudley from Henry Parent.

The ruling of the Trial Court that no proper foundation was laid for admission of the evidence was warranted by the record and is sustained. The rule in this state on admission and exclusion of evidence of this nature is the same in both criminal and civil cases ( *State* v. *Kilcoyne,* 82 N. H. 432, 433; *State* v. *Fornier,* 103 N. H. 152, 154 ) and accordingly criminal cases on the admission and exclusion of blood tests are applicable. In *State* v. *Fornier, Ib.,* and *State* v. *LaFountain,* 108 N. H. 219, relied upon by the employer, objections were to blood tests admitted by the Trial Court which this court held were properly admitted.

The evidence which we have detailed may be said to fall somewhere between *State* v. *Reenstierna,* 101 N. H. 286, where the Trial Court's admission of the evidence was held error, and *State* v. *Fornier, supra,* and *State* v. *LaFountain, supra,* where it was upheld. We cannot say under these circumstances, to paraphrase *State* v. *Fornier, supra,* 154, that upon all the evidence it had to be found that the blood analyzed was the unadulterated blood of the decedent, Henry Parent.

*Exceptions overruled.*

All concurred.