Rockingham
No. 7072

RAYMOND REMILLARD

v.

NEW ENGLAND TELEPHONE COMPANY

PAULINE H. REMILLARD

v.

NEW ENGLAND TELEPHONE COMPANY

December 31, 1975

*Sanders, McDermott & Kearns (Mr. Peter F. Kearns* orally) for the plaintiffs.

*McLane, Graf, Greene & Brown* and *Bruce W. Felmly (Mr. Felmly* orally) for the defendant.

DUNCAN, J. The plaintiffs Raymond Remillard and Pauline Remillard brought suit against the defendant New England Telephone Company for personal injuries and consequential damage arising out of an automobile accident which occurred on March 13, 1970. Trial by jury before *Morris,* J., resulted in a verdict for the plaintiff Pauline Remillard in the sum of $15,000 for personal injuries, and for the plaintiff Raymond Remillard in the sum of $5,000 for expenses arising from his wife's injuries and for loss of consortium.

During the course of the trial the defendant excepted to the exclusion from evidence of two automobile tires purchased by defendant's representatives as tires from the rear wheels of the plaintiffs' car on the day of the accident. The defendant also excepted to certain instructions to the jury and to denial of its motions to set aside the verdict as excessive. The questions of law presented by these exceptions were reserved and transferred by *Morris,* J.

The accident occurred when the plaintiffs' vehicle operated by Mrs. Remillard went out of control and struck a tree as she was driving east on Route 102 in Derry. There was evidence that a telephone company repair truck was parked east of the top of a hill in such a position as to partially block the eastbound lane of Route 102. Certain witnesses testified that the truck was not visible to oncoming vehicles until they reached the crest of the hill. Mrs. Remillard testified that as she reached the crest of the hill she saw the truck, swerved to avoid it and then lost control of the vehicle. As a result, she failed to negotiate a curve at the foot of the hill, left the road, and struck a tree.

The accident occurred in midafternoon as Mrs. Remillard was returning home to Chester with her three children, none of whom were injured. It was her practice to drive the children to school in the morning and to bring them back in the afternoon. She was returning from school when the accident happened.

There was evidence that a company lineman had placed a "Men Working" sign in the vicinity of the defendant's truck; that he had been requested that day to move the sign to a point farther west in

order to give eastbound traffic earlier warning. It could be found that when Mrs. Remillard had travelled the road in the morning the truck had been in the same location.

The defendant excepted "to the court's granting or giving the charge with respect to the emergency doctrine" upon the ground that the "net result of it as charged is the instinctive action doctrine, which is not applicable to the facts of this case, there being no evidence of a time sufficiently short as to require instinctive action". In support of its exception, the defendant points to the evidence that the truck could be seen over the crest of the hill when a distance of 378 feet away, and that at the speed at which the plaintiff testified she was travelling, she had more than eight seconds in which to take saving action before reaching the truck.

The plaintiff testified that she swerved to avoid the truck, that when she did so her vehicle went into a spin, and that thereafter she was unable to say just what happened as she proceeded down the hill, "it all happened so fast".

The parties apparently are in agreement that the instructions to the jury were not intended, and should not be considered, to relate to the instinctive action doctrine, which in fact the charge did not mention by name. That doctrine operates to relieve the actor of responsibility for his actions when through no fault of his own an emergency "leaves no time for thought, so that he must act instinctively . . . ." *Allen v. State,* 110 N.H. 42, 47, 260 A.2d 454, 458 (1969); *see Kardasinski v. Koford,* 88 N.H. 444, 446-47, 190 A. 702, 703 (1937). It recognizes that decisions made by instinct or reflex action cannot be said to be imprudent where time is allowed for nothing more. *Collette v. Railroad,* 83 N.H. 210, 217, 140 A. 176, 181 (1928).

The defendant argues that the court erred in stating the rule with respect to action in an emergency, because the jury was told that if it found that there was more than one course of action open to the plaintiff and "it happened that she took the wrong course . . . she cannot be held liable for taking the wrong course". The instruction was obviously erroneous, since the plaintiff would nevertheless remain under a duty to exercise care in the emergency, and the emergency was only a circumstance to be considered in judging her conduct. *Allen v. State supra;* W. Prosser, The Law of Torts § 33, at 168 (1971). The instruction was followed by a further instruction: "A choice erroneously made between courses of relative safety is not necessarily negligence, where the time is insufficient for deliberate action".

As counsel pointed out in taking his exception, this instruction had overtones of the instinctive action doctrine, which on the evidence was inapplicable. Arguably the expression "not necessarily negligence" implied that a wrong choice could nevertheless be found negligent; but coming as it did without further elaboration and followed by an instruction that "skidding in and of itself is not evidence of negligence", the implication that a wrong choice of conduct in an emergency could be negligent was unlikely to be grasped by the jury and less likely to cure the error of the instruction on emergency.

Since it appears that the language of the charge "may have conveyed to the jurors an erroneous conception of the law" there must be a new trial and the defendant's exception is sustained. *West v. Railroad,* 81 N.H. 522, 533, 129 A. 768, 773 (1925); *Davis v. State,* 94 N.H. 321, 52 A.2d 793 (1947); *Poulin v. Provost,* 114 N.H. 263, 264, 319 A.2d 296, 297 (1974).

The defendant excepted to the exclusion from evidence of two tires from the rear of the Remillard vehicle which were obtained by the defendant from a salvage yard more than a month after the accident. Since the issue may arise upon retrial, it is considered at this time. It appeared that ownership of the vehicle had changed at least twice during the period before the tires were obtained, and that the vehicle was inoperable. The testimony that the tires were in good condition on March 13, 1970 was disputed. In the absence of evidence that the tires offered in evidence were the same tires on the vehicle when the accident occurred they were properly excluded in the trial court's discretion. *Parent v. Tetreault,* 109 N.H. 82, 84, 242 A.2d 67, 68 (1968); *Burns v. Bombard,* 128 Vt. 178, 260 A.2d 219 (1969).

Since a new trial is required, the defendant's exception to denial of its motion to set aside the verdicts as excessive need not be considered.

*Defendant's exceptions sustained in part; new trial.*

KENISON, C.J., did not sit; the others concurred.