Rockingham
No. 7174

EMIL S. WIESZECK v. BERTHA L. SEPESSY

EMIL S. WIESZECK & a. v. BERTHA L. SEPESSY

March 31, 1976

Emil S. Wieszeck, by brief, for the plaintiffs.

*Burns, Bryant, Hinchey, Cox & Shea* and *James H. Schulte (Mr. Schulte* orally) for the defendant.

KENISON, C.J. The plaintiff, Emil S. Wieszeck, was the driver of an automobile which collided with a car operated by the defendant on June 2, 1966, in Salem, New Hampshire. He brought one action for damages arising from his personal injuries and, with his wife, a second action for the damage to their car. The two actions were tried together by a jury before *Morris,* J. The plaintiffs received a verdict of $50,000 in the first action and $1,372.70 in the second.

On the issue of the plaintiff's duty to exercise ordinary care, the defendant excepted to the court's charge and to the court's refusal to charge as requested. The evidence showed that as the two vehicles approached each other from opposite directions on a two lane road, the defendant straddled the center line and was in the plaintiff's lane of traffic. The plaintiff swerved to his left to avoid a collision, but the defendant simultaneously turned back to her proper lane where the vehicles crashed.

The plaintiff requested an instruction on the "emergency doctrine" to meet a defense of contributory negligence. Under this doctrine a person who finds himself in an emergency through no fault of his own must conduct himself as a reasonably prudent man would under the circumstances. The fact that the actor is confronted with a sudden emergency is a factor in determining whether he acted with ordinary care. Restatement (Second) of Torts § 296 (1965); 2 F. Harper and F. James, Law of Torts § 16.11 (1956, Supp. 1968); Annot., 80 A.L.R.2d 5 (1961). The challenged instruction is virtually identical to the one given in *Remillard v. New England Telephone Co.,* 115 N.H. 702, 349 A.2d 588 (1975), and is defective for the reason there stated: It may have conveyed to the jury the erroneous conception that a person cannot act negligently in an emergency. *See Allen v. State,* 110 N.H. 42, 260 A.2d 454 (1969). We cannot say as a matter of law that the plaintiff exercised due care, so the error in the instructions requires a new trial.

The defendant took two other exceptions, which related to the admission and exclusion of evidence. Since the issues may arise upon retrial, they are considered at this time.

The defendant excepted to the refusal of the trial court to admit in evidence three documents containing prior inconsistent statements of the plaintiff. These documents were filed in a lawsuit which the plaintiff brought as the result of an accident which befell him two years after the occurrence at issue here. The documents were offered by the defendant to rebut the plaintiff's claim that a portion of the medical expenses incurred after 1968 were due to the 1966 accident. The trial court permitted the defendant to read from these documents in cross-examination of the plaintiff but refused to admit them in evidence. Ordinarily such documents are admissible to show the prior statement. *Bellavance v. Company*, 99 N.H. 10, 104 A.2d 882 (1954). However, if a witness on cross-examination unreservedly admits a self-contradiction, the trial court may decline to receive further evidence on the matter. *Marchand v. Company*, 95 N.H. 422, 65 A.2d 468 (1949). In this case the plaintiff objected on the basis that the documents were not prepared by the plaintiff but by his counsel. This argument goes to the weight to be given to, rather than the admissibility of, the documents. *See Currier v. Grossman's*, 107 N.H. 159, 219 A.2d 273 (1966); 4 J. Wigmore, Evidence § 1066 (Chadbourn rev. 1972); Annot., 63 A.L.R.2d 412 (1959). In this case it may or may not be necessary to admit the documents in order for the jury to understand their impeaching weight and significance. *See Bentley v. State*, 397 P.2d 976 (Alaska 1965). This will depend on the trial court's appraisal of the adequacy of cross-examination to present this evidence to the jury. We find no abuse of discretion in this case.

The defendant's final exception was to the admission of two exhibits consisting of doctors' bills. The defendant argues that these exhibits should have been excluded because "[n]o expert testimony was presented to prove that the treatments which were billed for were related to injuries received in the June 2, 1966 accident." The defendant appears to contend that each doctor whose fee is claimed as damages must testify.

Whether expert testimony is necessary to establish a medical expense as an item of damage depends on the circumstances of the case. *Bentley v. Adams*, 100 N.H. 377, 128 A.2d 202 (1956); *Ratay v. Liu*, 215 Pa. Super. 547, 260 A.2d 484 (1969); *Briola v. Roy*, 170 Colo. 97, 459 P.2d 288 (1969); C. McCormick, Damages § 90, at 326-27 (1935). When expert testimony is required, the plaintiff need not call every physician whose fee he claims as damages. *Ratay v. Liu supra.*

In the present case the plaintiff suffered severe head injuries

which affected his hearing and produced dizziness and ringing in the ears. It appears that expert testimony was necessary to show the relationship between the accident and his injuries and between the injuries and the treatment for which he seeks to recover. Two physicians testified on behalf of the plaintiff. On the transcript and exhibits before us, we cannot say that the trial court erred in admitting the challenged exhibits or submitting the claims based thereon to the jury.

*Defendant's exceptions sustained in part and overruled in part; new trial.*

All concurred.