**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0477, <u>State of New Hampshire v. Seth Skillin</u>, the court on September 19, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Seth Skillin, appeals his conviction, following a jury trial in Superior Court (<u>Delker</u>, J.), on charges of criminal threatening with a deadly weapon, <u>see</u> RSA 631:4, I(a), II(a)(2) (2016), and being a felon in possession of a deadly weapon, <u>see</u> RSA 159:3, I (2014). He argues that the trial court erred by not admitting the victim's written statement to police as an exhibit. We assume, without deciding, that this issue is preserved.

The decision to exclude evidence is within the discretion of the trial court. <u>State v. Palermo</u>, 168 N.H. 387, 391 (2015). In determining whether a ruling is a proper exercise of judicial discretion, we consider whether the record establishes an objective basis sufficient to sustain the discretionary decision made. <u>Id</u>. To show an unsustainable exercise of discretion, the defendant must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>Id</u>.

The defendant argues that the trial court did not admit the victim's prior, inconsistent written statement to the police "solely on the ground that it could not be used substantively." On the contrary, in support of its ruling, the trial court noted that defense counsel had read the entire statement, consisting of two sentences, to the jury. <u>See</u> <u>N.H. R. Ev.</u> 403 (stating that relevant evidence may be excluded if its probative value is substantially outweighed by considerations of needless presentation of cumulative evidence).

The defendant argues that when "a witness's prior written . . . statement is relevant to evaluate a witness's credibility, . . . the statement itself may be admitted as a full exhibit." However, he does not argue that the trial court is <u>required</u> to admit the written statement. <u>See</u> <u>Wieszeck v. Sepessy</u>, 116 N.H. 160, 162 (1976) (stating that whether documents should be admitted for impeachment depends upon trial court's appraisal of the adequacy of cross-examination). Upon this record, we cannot conclude that the trial court's decision not to admit the written statement as an exhibit was unreasonable or untenable.

Furthermore, we conclude that the defendant was not prejudiced by the trial court's decision.  See Palermo, 168 N.H. at 391 (stating that defendant has burden to show he was prejudiced by trial court's exercise of discretion).  The defendant argues that the exclusion of the written statement prejudiced him "[b]ecause the written statement itself would have been far more convincing than [the victim's] equivocal acknowledgment."

Defense counsel read aloud the two-sentence statement in full and cross-examined both the victim and his brother about it in detail.  The victim admitted that the written statement said that the defendant "tried to hit [him] with something," but testified that, in fact, the defendant was holding a knife.  The victim acknowledged that he had signed the written statement and that the statement said nothing about a knife.  The victim explained that his brother had written the statement on his behalf, translating his oral statement from Spanish to English.  The victim agreed that the written statement was accurate and testified that the brother had made an error in the translation.  See State v. Schonarth, 152 N.H. 560, 563 (2005) (stating jury may accept or reject testimony in whole or in part).  The brother testified that he made no such error.  The defendant argued in his opening and closing that the victim's written statement was inconsistent with his testimony.

Under these circumstances, we cannot conclude that the defendant was prejudiced by the trial court's denial of his motion to admit the victim's written statement as an exhibit.  See Palermo, 168 N.H. at 391.  Accordingly, we conclude that the court's ruling did not constitute an unsustainable exercise of discretion.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2